UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

WILLIAM J.R. EMBREY, )
)
Petitioner, ) Action No. 0:15-CV-45-HRW
)
v. )
)
JODIE L. SNYDER-NORRIS, ) **MEMORANDUM OPINION**
) **AND ORDER**
Respondent. )
)

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Petitioner William J. R. Embrey is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution located in Ashland, Kentucky. Embrey has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he alleges that the BOP improperly refuses to credit one of his federal sentences with 508 days of pre-sentence jail-time credit. [D. E. No. 1]. Embrey has also filed a motion seeking an order requiring the Respondent to respond to his § 2241 petition. [D. E. No. 4] Embrey has paid the $5.00 filing fee. [D. E. No. 3]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Embrey is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003),

1

and liberally construes his claims. Having reviewed Embrey's habeas petition, the Court will order the Respondent to file no more than a 15-page response, which can be supplemented with other relevant documentation and/or sentencing calculations.

## BACKGROUND

Embrey has three federal convictions, all of which are summarized below.

**The First Federal Sentence** (as detailed in *Embrey v. United States*, 240 F. App'x 791, 792 (10th Cir. 2007): On December 4, 1968, Embrey robbed Webbers Falls State Bank, a bank in Muskogee County, Oklahoma, insured by the Federal Deposit Insurance Corporation, taking $793. In 1969, a federal grand jury in the United States District Court for the Eastern District of Oklahoma charged him with one count of violating 18 U.S.C. § 2113(a), the Federal Bank Robbery Act ("FBRA"); the indictment specifically stated that the stolen money was "insured by the Federal Deposit Insurance Corporation. A jury convicted Embrey and he was sentenced to an eight-year prison term, ordered to run consecutively to a separate state sentence ("the First Federal Sentence"). Embrey began serving his the First Federal Sentence on May 19, 1972, after completing service of his state sentence.

**The Second Federal Sentence** (as detailed in *Embrey v. Hershberger*, 131 F.3d 739 (8th Cir. 1997): In 1980, shortly after completing service of the First Federal Sentence, Embrey and an accomplice, both armed, forced a Missouri banker to withdraw $11,000 from his bank, and then fled across a state line taking the banker along as a hostage. A federal jury in Missouri convicted Embrey of armed bank robbery, in violation of the FBRA, and of kidnapping, in violation of the Federal Kidnapping Act, see 18 U.S.C. § 1201(a)(1), and he received to two

2

consecutive twenty-year prison terms, one for each conviction. *United States v. William J. R. Embrey*, No. 3:1980-cn-05011-ODS-2(W. D. Mo.) ("the Second Federal Sentence").

In 1994, a panel of the Eighth Circuit granted Embrey post-conviction relief, but the *en banc* Court vacated the panel's opinion and denied relief. *Embrey v. Hershberger*, 131 F.3d 739 (8th Cir. 1997) (*en banc*), *cert. denied*, 525 U.S. 828 (1998). In between the two decisions, Embrey was released from custody, but a warrant for his arrest was issued after the Supreme Court denied his Petition for Writ of Certiorari.

**The Third Federal Sentence**: In December 1998, Embrey was arrested and eventually charged with being a felon in possession of a firearm after being found in an automobile containing firearms. *United States v. Embrey*, 6:98-CR-003095 (W. D. Mo.) In 2000, Embrey pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On May 1, 2000, the Western District of Missouri sentenced Embrey to serve a 262-month prison sentence which was ordered to run "...concurrently with any undischarged terms of imprisonment for which the defendant presently remains subject," plus a five-year term of supervised release. *See id.*, docket notation to D. E. No. 156, therein. Embrey's conviction was affirmed on direct appeal. *United States v. Embrey*, 250 F.3d 1181 (8th Cir. 2001), *cert. denied*, 538 U.S. 953 (2003). Embrey sought post-conviction relief from the firearm conviction but relief was denied and the denial was affirmed on appeal. *Embrey v. United States*, No. 02-2514 (8th Cir. Aug. 16, 2002).

In his current § 2241 petition, Embrey alleges that the BOP has improperly refused to credit the Third Federal Sentence with 508 days (approximately 17 months) of pre-sentence time which he claims that he spent in detention, between December 5, 1998, and April 24, 2000. [R.

3

1, p. 10] Embrey alleges that during this time-period, he was held in the custody of the U.S. Marshals while his criminal proceeding which led to the imposition of the Third Federal Sentence was pending in the Western District of Missouri. Embrey's claims and factual allegations are for the most part convoluted and difficult to follow, but he appears to be claiming that the Missouri district court improperly imposed and/or calculated the term of Second Federal Sentence; that the BOP's decision to credit the 508 days to the Second Federal Sentence was erroneous; and that the BOP should apply the 508 days of credit to the Third Federal Sentence which he is currently serving.

It is unclear whether Embrey has fully exhausted his sentencing credit claim in compliance with the BOP's administrative remedy process, 28 C.F.R. § 542.15-18.[1] Embrey attached only one document relative to his exhaustion effort(s), and that document was a response from FCI-Ashland staff member Cynthia Pierre, in which Pierre denied Embrey's request for an informal remedy. [D. E. No. 1-1, p. 1] The date of Pierre's denial is also unclear-- she issued it either on March 7, 2014, or July 3, 2014[2]--but she acknowledged Embrey's request for prior custody credit (jail time") from December 5, 1998, to April 24, 2000. [*Id.*] Pierre concluded that Embrey was not entitled to that credit, explaining that between the dates of August 14, 1997 and December 4, 1998, Embrey had been released from his parole sentence in connection with the Second Federal Sentence (80-05011-02-CR-SW) via "Appeal Bond," and

---

[1] The administrative remedies for federal prisoners bringing a 28 U.S.C. § 2241 petition are set forth in 28 C.F.R. §§ 542.10-16. Section 542.13(a) demands that an inmate first informally present his complaint to the staff (BP-8 form) before filing a formal request for an administrative remedy. If the inmate cannot informally resolve his complaint with staff, then he may submit the formal written complaint (BP-9) to the warden. An inmate who is not satisfied with the warden's response may submit an appeal (BP-10) to the appropriate regional director within 20 calendar days of the date the warden signed the response; and finally, if dissatisfied with the response of the regional director, then he may submit an appeal (BP-11) to the office of the BOP's General Counsel.

[2] Pierre's response is dated "2014.07.03 15:47:15-05'00'." Again, it is unclear if that digital date means "July 3, 2014," or "March 7, 2014."

that as of December 5, 1998, he was "in service of a sentence" during the time period for which he was requesting credit. [*Id.*]

Pierre further explained that 18 U.S.C. § 3585(b) and BOP Program Statement 5880.28, *Prior Custody Time Credit*, prevent the BOP from applying credit to a federal sentence if that same credit has already been applied to another sentence, and that because the BOP had already credited Embrey's 1980 conviction (the Second Federal Sentence) with the service time covering the period between August 14, 1997 and December 4, 1998, it therefore could not credit his subsequently imposed sentence in May 2000 (the Third Federal Sentence) with that same period of time.

Pierre further advised Embrey that the BOP had awarded him prior custody credit covering the period of time between March 3, 1980, and September 18, 1980, when his sentence (the Second Federal Sentence) was originally computed; that Embrey had been sentenced to two federal sentences which were ordered to run concurrently, one under the "old law" and the other under the "new law" sentencing procedures; and that according to Program Statement 5880.28, *Sentence Computation Manual* (CCCA of 1984), those sentences could not be aggregated due to their differing sentencing procedures. [*Id.*] Pierre also stated that the BOP applied that prior custody credit (covering the time between March 3, 1980, and September 18, 1980) to both of Embrey's sentences (the Second Federal Sentence and the Third Federal Sentence) "...in order for you to receive full benefit for all time spent in custody prior to sentencing." [*Id.*]

Embrey provides no indication as to whether he appealed Pierre's denial to the Warden of FCI-Ashland; the BOP Regional Director; or to the BOP Central Office. He contends that

Pierre's determination is incorrect and that he is entitled to 508 days of jail time credit against the Third Federal Sentence.

## DISCUSSSION

The Court takes judicial notice of the fact that on December 11, 2014, Embrey filed a 13-page motion in one of his criminal proceedings in Missouri, alleging that the district court had improperly calculated the term of the Second Federal Sentence, and that as a result, he is being required to serve an excessive prison term in connection with the Third Federal Sentence. *See United States v. William J. R. Embrey*, No. 3:80-cn-05011-ODS-2 (W.D. Mo., December 11, 20140 [D. E. No. 79, therein] Embrey therefore asked the district court to set aside or correct the Second Federal Sentence Court. [*Id.*] On December 16, 2014, the Missouri district court entered a two-page order in which it denied Embrey's motion. [*Id.*, D. E. No. 80, therein] The district court stated:

> ...Defendant [Embrey] has initiated a multitude of proceedings and filed a multitude of motions in his criminal cases and his postconviction proceedings, all designed to raise new arguments or re-assert arguments that have been rejected previously. His most recent effort is in the same vein.
>
> Pending are identical motions Defendant filed in his two criminal cases. This motion asserts – again – that the crimes of bank robbery and kidnaping could not constitute separate offenses, and convicting him of both crimes violates his Double Jeopardy rights. Relief on this ground was rejected by the Court of Appeals in its 1997 en banc decision. Therefore, both motions are denied for two reasons. First, Defendant is presenting yet another request for postconviction relief, and the Court lacks the power to entertain a successive request for postconviction relief. Second, and more fundamentally, the Court cannot grant relief on a ground that has already been rejected by the Court of Appeals' 1997 en banc decision.

[*Id.*]

While the December 16, 2014, Order entered by the Western District of Missouri is relevant and persuasive as to Embrey's current § 2241 petition, this Court is unable to give it complete conclusive effect, because in this § 2241 proceeding, Embrey has basically "re-phrased" those same claims in terms of a specific request for 508 days of sentencing credit toward the Third Federal Sentence. Based on the sparse administrative record which Embrey has provided, the BOP's position appears to be well taken, because 18 U.S.C. § 3585(b) permits the BOP to apply credit against a federal sentence only for time "that has not been credited against another sentence." That vital caveat means that time which has previously been credited towards service of another sentence may not also be "double counted" as credit against a federal sentence.

According to FCI-Ashland staff member Cynthia Pierre, the BOP credited the Second Federal Sentence for the period of time (508 days) that Embrey was on parole status--between August 14, 1997, and December 4, 1998. Therefore, consistent with Pierre's analysis, crediting the Third Federal Sentence with 508 days of time which has already applied to the Second Federal Sentence would appear to result in the award of improper double credit, a result which § 3585(b) prohibits. *Broadwater v. Sanders*, 59 F. App'x 112, 113–14 (6th Cir. 2003); *Garrett v. Snyder*, 42 F. App'x 756 (6th Cir. 2002); *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368, at *2 (6th Cir. Sept. 27, 2000); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993).

Additionally, federal prisoners must exhaust their administrative remedies before they can file a § 2241 petition, *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006), but the Sixth Circuit has held that because exhaustion is an affirmative defense both generally and in the context of prisoner lawsuits, district courts may not *sua sponte* dismiss a § 2241 petition

where it appears that the prisoner has not exhausted his administrative remedies.[3] *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Having completed the initial evaluation required by Rule 4, and given the lack of an administrative record from the Warden, the BOP Regional Director, or the BOP Central Office, the Court will require the Respondent to file a response to Embrey's § 2241 petition, according to the **specific terms** set forth below.

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Petitioner William J. R. Embrey's "Motion Requesting the Court to Obey the Law and to Require the Respondent to Answer the Petition for Writ of habeas Corpus" [D. E. No. 4] is **DENIED** as **MOOT**.

(2) The Clerk of the Court shall, by certified mail, send a copy of the petition [R. 1] and all attachments thereto, and this Order, to (a) Respondent, Jodie L. Snyder-Norris, Warden of the FCI-Ashland, in Ashland, Kentucky, (b) the Attorney General for the United States, and (c) the United States Attorney for the Eastern District of Kentucky.

(3) Within sixty (60) days of the date of entry of this Order, the Respondent must file a response of **no more than fifteen (15) pages**, excluding attachments, to Embrey's § 2241 petition. The response shall be in the form of a memorandum addressing the factual allegations and legal claims contained in the petition and attachments. A formal motion to dismiss or for summary judgment is not necessary or appropriate for these proceedings. The Respondent shall

---

[3] Given Embrey's history as a prolific filer of civil habeas actions--as documented in PACER, the federal judiciary's on-line database--it is possible that in some prior § 2241 petition over the last seventeen years, Embrey may have asserted the very same sentencing credit claim (seeking 508 days of prior custody credit vis-à-vis the Third Federal Sentence) which he raises in this § 2241 proceeding. The Respondent is free to address this issue in the response being ordered herein; this Court lacks the resources to parse through the hundreds of 28 U.S.C. § 2241 habeas actions which Embrey has filed throughout the country to determine if he has previously raised this same sentencing claim in another case.

also include as attachments any documentary evidence relevant either to Embrey's claim or to her response.

(4) Embrey must keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in dismissal.

**(5) Embrey must send a copy of every document he files to the Respondent or his attorney. The original document which Embrey files with the Court must include his statement certifying that he has done so and the date the document was mailed to the Respondent. The Court will disregard any document filed without the required certification.**

(6) Embrey must communicate with the Court solely through notices or motions filed with the Court. The Court will disregard correspondence sent directly to this Judge's chambers.

This November 24, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge